UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JIM WILLIAMS, individually and as next friend of T.W., a minor child; and RANDY SCHONAGEN, <br><br> Plaintiffs, <br><br> v. <br><br> JOHN WITSELL in his individual capacity, <br><br> Defendant. | No. 3:07-cv-243 <br> (Phillips) |

**MEMORANDUM AND ORDER**

On November 10, 2008, this court entered an Order to Show Cause [Doc. 8], instructing plaintiffs to show cause on or before November 28, 2008 as to why this case should not be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. In its order, the court noted that pursuant to Rule 4(i), plaintiffs were required to "serve the United States," Fed. R. Civ. P. 4(i), in addition to executing service on defendant, *id.* Plaintiffs timely responded [Doc. 9], arguing that as defendant was sued in his individual capacity, service on the United States was not required. After defendant responded in opposition, plaintiffs moved for leave to serve the United States [Doc. 12].

For the reasons that follow, plaintiffs' motion is **DENIED** and this action is **DISMISSED**.

**I.    BACKGROUND**

Plaintiffs initiated this action on September 15, 2007, alleging that defendant John Witsell, a United States Customs and Immigration Services agent, had violated their rights when plaintiffs met with defendant to discuss a potential claim they wished to pursue, both by refusing to investigate

-1-

the claim and also by becoming enraged when plaintiffs disclosed that they were recording the encounter. On September 4, 2007, a summons to defendant was returned executed [Doc. 2], after which no further action was taken in the case. Accordingly, on October 16, 2008, this court entered an Order to Show Cause [Doc. 3], instructing the plaintiffs to demonstrate why this action should not be dismissed. In response, plaintiffs moved for an entry of default [Docs. 4, 5].

On November 7, 2008, the Clerk of Court entered default against defendant John Witsell. On that day, the United States made a special appearance on behalf of John Witsell [Doc. 7] to object to the entry of default, arguing that service had not been properly effectuated under Rule 4(i)(3) of the Federal Rules of Civil Procedure. This court then entered a second Order to Show Cause on November 10, 2008 [Doc. 8], requiring plaintiffs to demonstrate good cause in writing as to why the case should not be dismissed, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, for failure to properly serve defendant as required by Rule 4(i)(3). In response, plaintiffs argued that as defendant was sued in his individual capacity, service upon the United States was not required; in the event this court did require it, however, plaintiffs requested additional time, without stating any cause therefor, to serve the United States. [Doc. 9]. Plaintiffs later cited counsel's misunderstanding of the law, [Doc. 11], and formally moved for this additional time, [Doc. 12].

Defendant Witsell, via special appearance, continued to object to entry of default or any extension of time for plaintiffs to cure their defective service. [Docs. 10, 13].

## II. ANALYSIS

As stated above, plaintiffs argue that as defendant was sued in his individual capacity, the plaintiffs were not required additionally to serve the United States. In support of this proposition,

plaintiffs cited *Armstrong v. Sears*, 33 F.3d 182 (2d Cir. 1994), in which the Second Circuit held that service on the United States is not required in suits where the federal employee is sued in his individual capacity. *Id.* at 187.

Plaintiffs, however, cite a fourteen-year-old case which has been clearly abrogated by amendments to the Federal Rules. In 2000, the Federal Rules of Civil Procedure were amended "to require service on the United States when a United States officer or employee is sued in an individual capacity for acts or omissions occurring in connection with duties performed on behalf of the United States." Fed. R. Civ. P. 4 advisory committee's note (2000 Amendment). The version of the rule currently in effect clearly states as follows:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an individual capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3).[1]

Plaintiffs are suing defendant in his individual capacity for alleged acts committed while defendant was performing his duties as an agent of the United States Citizen and Immigration Services. Accordingly, under Rule 4(i)(3) it is clear that despite having sued defendant in his individual capacity, plaintiffs were required to serve the United States, as provided by Rule 4(i)(1). Plaintiffs have failed to adhere to this requirement.

Further, the court does not find that any further extension allowing plaintiffs to cure this defect is warranted. While Rule 4(i)(4)(B) requires the court to allow a party a reasonable amount of time to cure its failure to serve the United States, the court does not read this rule in isolation, but rather in conjunction with Rule 4(m). *See, e.g.*, *Hawkins v. Potter*, 234 F. App'x 188, 189 (5th Cir.

---

[1] Indeed the court made note of this rule in its Order to Show Cause [Doc. 8].

2007) (per curiam). Rule 4(m) provides in pertinent part,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Here, despite defendant having been "served" in a manner that would, as a very general matter, be legally effective in other federal cases, defendant was not properly served. Rule 4(i)(3) makes it clear that to serve this defendant, service must also be executed upon the United States. Having failed to execute service within 120 days of filing, the court granted plaintiffs an opportunity to demonstrate good cause for having failed to serve defendant in accordance with all of the requirements of Rule 4(i)(3). Plaintiffs, however, have failed to cite any cause for this defect which would warrant an extension of the 120-day period. Most tellingly, plaintiffs' latest filing [Doc. 12], in which they move the court for leave to serve the United States, is devoid of any demonstration of cause as to why dismissal is not appropriate. Indeed, the only cause ever given was counsel's apparent oversight of the Federal Rules of Civil Procedure. [Doc. 11]. Accordingly, the court finds that an extension is not warranted under Rule 4(m). Plaintiffs have not only failed to give good cause for failing to serve defendant in the requisite manner, but plaintiffs have also allowed the case to languish for well over a year, without any further pursuit of the action. The court does not find that plaintiffs should be allowed to benefit unfairly from this excessive delay of this case.

Accordingly, the court finds that the most appropriate remedy is dismissal under Rule 4(m) due to plaintiffs' failure to properly serve the defendant in accordance with Rule 4(i).

### III. CONCLUSION

For the foregoing reasons, plaintiffs' Motion for Additional Time to Serve the United States Pursuant to Rule 4 [Doc. 12] is **DENIED**, and this action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

**ENTER:**

    s/ Thomas W. Phillips
   United States District Judge